Joseph M. IROM, Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellant.

No. 596, Docket 88–4117.

United States Court of Appeals, Second Circuit.

Argued Dec. 19, 1988.

Decided Jan. 20, 1989.

Nancy G. Morgan, Tax Div., Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen, Tax Div., Dept. of Justice, Washington, D.C., on the brief), for respondent-appellant.

Joseph M. Irom, New York City, pro se.

Before FEINBERG, NEWMAN and ALTIMARI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The Commissioner of Internal Revenue appeals from a judgment of the United States Tax Court (Samuel B. Sterrett, Judge) declining to hold Joseph M. Irom liable for additional interest on a deficiency

in his 1980 income taxes. We vacate in part and remand.

## Background

The Internal Revenue Code imposes additional interest penalties on any substantial underpayment "attributable to tax motivated transactions." 26 U.S.C. § 6621(c)(1) (Supp. IV 1986).[1] The Code lists five types of transactions that are considered "tax motivated," including "any loss disallowed by reason of section 465(a)." 26 U.S.C. § 6621(c)(3)(A)(ii) (Supp. IV 1986). Section 465(a) allows deduction of losses only to the extent that a taxpayer is "at risk." 26 U.S.C. § 465(a) (1982 & Supp. IV 1986).

Appellee Irom invested in a coal mining tax shelter in 1979 and reported a $162,500 loss from that investment on his 1980 federal income tax return. The Commissioner disallowed the deduction because the loss did not meet the requirements for deducting advanced minimum annual royalty payments under 26 C.F.R. § 1.612–3(b)(3) (1988). The Commissioner noted that the promissory note executed by Irom as part of the investment was not a bona fide debt obligation. The Commissioner asserted a tax deficiency of $80,403.

The Commissioner also notified Irom that he was liable for additional interest on the deficiency pursuant to section 6621(c) because the deficiency was "attributable to tax motivated transactions."

Irom petitioned for a hearing in the United States Tax Court. In his answer, the Commissioner reasserted the deficiency and asked for a determination of additional interest pursuant to section 6621(c).

The Commissioner then moved for summary judgment, claiming as grounds for the deficiency that the taxpayer did not meet the requirements for deducting advanced royalty payments. The Commissioner also sought a determination of additional interest pursuant to section 6621(c) because the loss deduction was disallowed under the "at risk" rules of section 465(a) and was therefore a tax motivated transac-

tion. The Commissioner did not, however, specifically assert the "at risk" rules as an alternative ground for the deficiency itself. The taxpayer cross-moved for summary judgment solely on the issue of his liability for additional interest.

The Tax Court granted summary judgment to the Commissioner on the deficiency on the ground that the taxpayer did not meet the requirements for deduction of advanced royalties. The Tax Court granted summary judgment to the taxpayer, however, on the issue of additional interest. The Tax Court said that it could not order additional interest because the only ground asserted for the deficiency was the advanced royalties issue. The Court refused to consider whether the deficiency might also have been based on the "at risk" rules, which would have entitled the Commissioner to assess additional interest.

The Commissioner appeals from the portion of the judgment denying additional interest. Irom does not challenge the deficiency itself.

## Discussion

The Tax Court declined to consider the Commissioner's entitlement to additional interest because the Commissioner's summary judgment motion had asserted a ground for deficiency (royalty payment requirements) that was not a ground for additional interest. After deciding the deficiency issue on one ground, the Court was not willing to consider an alternative ground for the deficiency (no "at risk" investment) that would have warranted additional interest. The Court took this position even though in the course of deciding that the taxpayer did not meet the requirements for deducting royalty payments, the Court concluded that the taxpayer's financing arrangement was non-recourse and that the taxpayer was not "at risk."

As a matter of convenience, the Tax Court's position is plausible. If there are two grounds that may support a deficiency,

---

**1.** Congress redesignated former subsection (d) of section 6621 as (c) in a 1986 amendment. Tax Reform Act of 1986, Pub.L. No. 99–514, § 1511(a), (c)(1)(A), 100 Stat. 2085, 2744. In all subsequent references, this opinion will refer to former section 6621(d) as section 6621(c).

one of which supports additional interest and one of which does not, the Court may be saved some time if the Commissioner sets forth both grounds. The Court can then consider the ground that may support both a deficiency and additional interest, without having to reach the second ground for the deficiency. Although this may be a preferable practice, we find no support in the Internal Revenue Code for requiring the Commissioner to plead in this manner on summary judgment to prevail on a claim for additional interest.

The Code specifies a penalty of additional interest for underpayments "attributable" to tax-motivated transactions. The ordinary, dictionary meaning of "attributable" is "capable of being attributed." *Webster's Third New International Dictionary* 141 (1976 ed.). We think that is the meaning Congress intended. We do not think Congress intended to preclude additional interest for deficiencies that are *capable* of being attributed to tax-motivated transactions simply because the Commissioner seeks summary judgment for the deficiency on other grounds.

Although the Commissioner asserted a ground for underpayment that did not make the taxpayer liable for additional interest, he also contended that the deficiency was capable of being attributed to a tax-motivated transaction that would make the taxpayer liable for such interest. Thus, even though the Tax Court found a deficiency on the first ground, it should also have considered whether a deficiency was capable of being attributed to the second ground, which would have entailed additional interest.

We note that the Commissioner's original notice to Irom asserted that the transactions were tax motivated and subject to additional interest, and the Commissioner's answer to Irom's petition to the Tax Court requested a determination of additional interest under section 6621(c). Although the Commissioner did not assert the "at risk" provisions as a ground for deficiency on summary judgment, the Commissioner could have reasserted that ground if the case had gone to trial. Moreover, the Commissioner's motion for summary judgment also directly asserted that additional interest was warranted because the transaction was tax motivated.

Thus, unlike *Law v. Commissioner of Internal Revenue*, 84 T.C. 985 (1985), this is not a case in which the Commissioner sought to amend his answer to claim additional interest after the case had been tried and briefed. Here, both the taxpayer and the Tax Court were fully on notice of the Commissioner's position that the transaction was tax motivated and that the Commissioner was seeking additional interest on that basis.

We also find inapposite *Todd v. Commissioner of Internal Revenue*, 862 F.2d 540 (5th Cir.1988), which dealt with the applicability of additional interest under a different section of the Code, 26 U.S.C. § 6659 (1982). In *Todd*, the Tax Court had found that a deficiency was not "attributable to" the taxpayer's overvaluation of his investment in refrigerated food containers because the containers were not placed in service during the relevant tax year. Thus, there was no permissible deduction that could have been overvalued. The disallowance of the deduction was independent of and wholly separable from the alleged overvaluation.

In contrast, the Tax Court here found that Irom's investment did not meet the requirements for advanced royalty payments because his financing was non-recourse. The finding of a deficiency on the royalty grounds thus appears to have been inseparable from a finding that the taxpayer was not "at risk" in the transaction.

The Fifth Circuit in *Todd* also relied on legislative materials suggesting that the amount of a deficiency "attributable to" an overvaluation should be calculated only after subtracting deficiencies based on other grounds. 862 F.2d at 541. A similar subtraction is warranted here if on remand the Tax Court finds that none, or only part, of Irom's deficiency is attributable to a transaction that was not "at risk." But if, as the Tax Court's opinion in this case suggests, the two grounds for deficiency are

inseparable, then no subtraction is warranted.

We conclude that the Tax Court should have decided whether additional interest was warranted on the grounds asserted by the Commissioner. We vacate that portion of the Tax Court's judgment rejecting additional interest and remand to the Tax Court to make that determination.