JOHN A. SINCLAIR AND JOANNE A. SINCLAIR, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Sinclair v. Commissioner
Docket Nos. 39209-86; 293-87; 26061-87
United States Tax Court
T.C. Memo 1990-10; 1990 Tax Ct. Memo LEXIS 10; 58 T.C.M. (CCH) 1140; T.C.M. (RIA) 90010; January 8, 1990
Douglas R. Thompson and Charles T. Almond III, for the petitioners. Nancy M. Vinocur, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: This case is before us on petitioners' motions for partial summary judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure. The Commissioner determined *12 deficiencies in Federal income tax for petitioners John A. Sinclair and Joanne A. Sinclair (docket No. 39209-86) for taxable years 1980, 1981, and 1983, for petitioners Gary G. Scheidt and Linda E. Scheidt (docket No. 293-87) for taxable year 1983, and for petitioner Leroy D. Miller (docket No. 26061-87) for taxable years 1980 and 1983, as follows: Additions to Tax
Taxable
Sec.
Sec.
Sec.
Docket No.
Year
Deficiency
[2] 6653(a)(1) 6653(a)(2)
6659
39209-86
1980
$ 7,968.00 --
--
$ 2,390.40
1981
6,330.00
--
--
1,899.00
1983
6,255.00
--
--
1,710.60
293-87
1983
15,739.02
$ 786.95
* 4,721.71
26061-87
1980
5,700.00
285.00  --
1,710.00
1983
6,090.00
305.00  **
1,290.00
Respondent also determined the increase in interest pursuant to section 6621(c) for the Scheidts and Miller for their taxable years at issue. Respondent asserted in his answer the section *13 6621(c) increase in interest for the Sinclairs for their taxable years at issue. We consolidated these three cases for our Opinion on the motions for partial summary judgment. The sole issue we must decide on these motions is whether petitioners are liable for the section 6659 addition to tax. Respondent initially challenged petitioners' assertions that the energy devices were never installed. Since petitioners have filed their affidavit in support of this allegation, respondent has not renewed his challenge. There is no dispute as to any material fact, and judgment can be rendered as a matter of law on this issue. The Sinclairs resided in Tucker, Georgia, the Scheidts resided in Stone Mountain, Georgia, and Miller resided in Marietta, Georgia on the dates the petitions were filed in these cases. Petitioners entered into energy equipment leases with First Energy Leasing Corp. ("FEL") in 1983. Petitioners leased energy devices that were to be installed for use by third parties within 60 days. The energy units were not installed during 1983. Petitioners were defrauded by the promoters of FEL in the leasing transactions. The promoters of FEL were convicted of criminal fraud, *14 and petitioners have filed claims against the promoters pursuant to the Victim and Witness Protection Act of 1982 at the request of the United States Attorney, Eastern District of Pennsylvania. Respondent disallowed all depreciation deductions, Schedule C deductions, and investment tax credits that petitioners took with respect to the energy equipment leases with FEL. Respondent based the Sinclairs' deficiency on the following: (1) they were not engaged in a trade or business or in an activity engaged in for the production of income, within the meaning of sections 162, 212, or 183; (2) they did not substantiate the leasing expenses claimed, or establish that such expenses were incurred for the purpose claimed, or that they constituted ordinary and necessary business expenses; (3) they failed to establish that the energy system qualified as property subject to the investment credit; (4) they failed to establish that they had a basis in the property upon which to claim investment tax credits and failed to establish their amount at risk within the meaning of sections 46, 48, and 465; (5) they failed to establish that the property met the requirements for noncorporate lessors as provided *15 by section 46; (6) they failed to establish that the system was delivered, operational, and placed in service by December 31, 1983; (7) they failed to establish that the computation of the credit was made in accordance with applicable provisions of the Code; and (8) alternatively, should they establish that the disallowed deductions were allowable in whole or in part, they would only be entitled to deduct a loss not exceeding their amount at risk. Respondent based the Scheidts' deficiency upon grounds 2, 3, 4, 5, 6, 7, and 8 above, and the following: (1) they were not engaged in an activity engaged in for profit pursuant to section 183; and (2) they failed to establish that the property was used in a trade or business. Respondent based Miller's deficiency upon the Sinclair grounds 1, 2, 3, and 6, as well as the following: (1) he failed to establish the system had a fair market value of $ 100,000 as claimed; and (2) he failed to establish his amount at risk pursuant to sections 46 and 465. In their petitions, alleging that they had been defrauded by the promoter, petitioners conceded that they were not entitled to depreciation deductions and investment tax credits from the investments. *16 Petitioners argued initially that the rental and installation costs associated with the leasing transactions were deductible pursuant to section 162 or 212, but later conceded that the shelter would not support any deductions. By affidavit in support of their motions, petitioners stated that the energy devices were never placed in service. Consequently, petitioners urge that the underpayment of tax was not attributable to a valuation overstatement and section 6659 therefore could not apply, citing Todd v. Commissioner, 89 T.C. 912 (1987), affd. 862 F.2d 540 (5th Cir. 1988). Section 6659 provides for a graduated addition to tax if an underpayment of tax is attributable to a valuation overstatement. A valuation overstatement exists if the value of property, or the adjusted basis of property, claimed on a return is 150 percent or more of the correct value. Sec. 6659(c). Deductions and credits disallowed irrespective of any claim of basis or fair market value do not support a section 6659 addition to tax. McCrary v. Commissioner, 92 T.C. 827, 851 (1989). Deduction of rental and installation expenses on Schedule C was not dependent *17 on a determination of basis or fair market value. Disallowance of these expenses, therefore, will not support a section 6659 addition to tax. McCrary v. Commissioner, supra at 851; Soriano v. Commissioner, 90 T.C. 44, 61-62 (1988). We must decide whether petitioner's concession that depreciation deductions and investment tax credits are not allowable supports a section 6659 addition to tax. In Todd v. Commissioner, we used the formula expressed in the Staff of the Joint Committee on Taxation's Explanation of section 6659 to decide whether an underpayment was "attributable" to a valuation overstatement in circumstances in which an asset had not been placed in service: The portion of a tax underpayment that is attributable to a valuation overstatement will be determined after taking into account any other proper adjustments to tax liability. Thus, the underpayment resulting from a valuation overstatement will be determined by comparing the taxpayer's (1) actual tax liability (i.e., the tax liability that results from a proper valuation and which takes into account any other proper adjustments) with (2) actual tax liability as reduced by *18 taking into account the valuation overstatement. The difference between these two amounts will be the underpayment that is attributable to the valuation overstatement. [Fn. ref. omitted.] 89 T.C. at 916 (citing Staff of the Joint Committee on Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 333 (J. Comm. Print 1981) (Fn. ref. omitted)). The difference calculated under steps (1) and (2) is zero in this case as in Todd because the asset was not placed in service during the year at issue. Therefore, the underpayment of tax resulting from the calculation of deductions and investment tax credit with respect to an asset that was not placed in service is not attributable to a valuation overstatement. In Todd v. Commissioner, we believed that this result was proper because the taxpayer would be liable for the section 6659 addition in a later year to the extent later deductions were based on a valuation overstatement, or if the taxpayer did not take deductions in later years, the deterrent purpose of section 6659 would have been met. Todd v. Commissioner, supra at 918-919. Petitioners concede that the energy leasing *19 tax shelter would not support any deductions or credits pursuant to sections 162, 212, or 183. Petitioners were defrauded by the shelter promoters in the leasing transactions. Part of the fraud was that the energy devices were never placed in service. As a result, none of the deductions and investment tax credit relating to that asset is allowable. The deductions and credits were disallowed without regard to any calculation of value or claim of basis. We hold, therefore, that petitioners are not liable for the additions to tax pursuant to section 6659. McCrary v. Commissioner, supra; Todd v. Commissioner, supra.
Respondent argues that both Todd and McCrary were decided incorrectly. Respondent believes that where property was not placed in service in the years at issue, the deficiencies are still "attributable to" valuation overstatements. In support of his argument, respondent cites Irom v. Commissioner, 866 F.2d 545 (2d Cir. 1989), revg. a Memorandum Opinion of this Court. We decided cross motions for summary judgment in Irom. On respondent's motion, we sustained his determination that the taxpayer's *20 loss from his investment in a coal mining tax shelter was not allowable because it did not meet the requirements for deducting an advanced minimum annual royalty payment pursuant to section 1.612-3(b)(3), Income Tax Regs. We also granted petitioner's motion for summary judgment that the section 6621(c) additional interest did not apply because the ground we sustained for disallowing the loss was not one of the tax motivated transactions listed in section 6621(c). The Court of Appeals for the Second Circuit reversed our holding on section 6621(c) and remanded the case. The court distinguished Todd v. Commissioner, supra, because disallowing the deduction in Todd was independent of and wholly separable from the alleged overvaluation. In Irom the court noted that we had found that the taxpayer's investment did not meet the requirements for deducting advanced royalty payments because his financing was nonrecourse. The court found that the deficiency due to claiming the royalty was inseparable from finding that the taxpayer was not "at risk" in the transaction. Reasoning that "attributable to a tax motivated transaction" for purposes of section 6621(c) *21 means "capable of being attributed," 866 F.2d at 547, the court concluded that the section 6621(c) increase would apply under the Todd formula if a ground for applying section 6621(c) was inseparable from the ground for the deficiency. Respondent argues that the Second Circuit did not really distinguish Todd, that "attributable" has the same meaning in sections 6659 and 6621(c), and under the Irom holding, that section 6659 applies here because the underpayment is "capable of being attributed" to a valuation overstatement. We disagree with respondent's reasoning. We have already considered and rejected respondent's basic arguments in McCrary and Todd. In Todd v. Commissioner, supra, we discussed the relationship between section 6659(c) and section 6621(c). 89 T.C. at 917-918. We agree with respondent that "attributable" has the same meaning in sections 6659 and 6621(c). As we discussed in McCrary v. Commissioner, supra, a case we decided after Irom, this observation does not end the matter. In McCrary we decided that if an asset is not placed in service, even though deductions or *22 credits could be disallowed on independent, alternative grounds (e.g., sham transaction, lack of profit objective), the underpayment is not "attributable" to a tax motivated transaction. We agreed, however, with Irom's reasoning that the result would differ if the reason for finding a tax motivated transaction is also integral to or inseparable from the reason for disallowing an item. McCrary v. Commissioner, 92 T.C. at 859. See Keenan v. Commissioner, T.C. Memo. 1989-300. In this case the ground for the deficiency is independent of and separate from the alleged overvaluation. The underpayment in this case, under Irom and McCrary, was not attributable to a valuation overstatement pursuant to section 6659. We reject respondent's invitation to overrule our holdings in McCrary and Todd. We reiterate what we said in McCrary: "We believe * * * that the intended deterrent effect of section 6659 * * * has been advanced by petitioner's concession, and reaching out further to penalize petitioners would be 'too draconian.'" Two of our recent energy equipment leasing cases are not to the contrary. In Pacheco v. Commissioner, T.C. Memo. 1989-296; *23 and Keenan v. Commissioner, T.C. Memo. 1989-300, we imposed the section 6659 addition to tax even though we did not find that the equipment was placed in service. In Pacheco, the taxpayers tried the merits of the tax shelter. As an afterthought in a four-page post-trial reply brief, the taxpayers conceded that they were not entitled to the investment tax credit or energy tax credit because their systems were not installed in the taxable year. The taxpayers, however, had not proven that the devices were not placed in service, and exercising our discretion in that case (which was a lead case controlling the disposition of many others), we refused to accept the concession. In Keenan, we found that the overvaluation was an integral part of our finding that the taxpayer lacked the requisite profit objective. We held, therefore, that the section 6659 addition applied, citing McCrary v. Commissioner, supra, and Irom v. Commissioner, supra.
Respondent's reliance on Heasley v. Commissioner, T.C. Memo. 1988-408, on appeal (5th Cir., Dec. 15, 1988), is also misplaced. The taxpayers in Heasley conceded *24 all of the deficiencies related to their investment in leasing energy management systems. The taxpayers argued that the sections 6653(a), 6659, and 6661 additions to tax should not apply because they had been "taken in" by a shifty promoter. We found that the value the taxpayers claimed for the systems on their return was greater than 250 percent of the correct amount. With respect to the section 6659 addition, we held that the taxpayers did not automatically avoid the addition by conceding the underlying deficiency. The taxpayers had the burden of proving that the additions did not apply, and the taxpayers in Heasley failed to show that the equipment was not placed in service in the year they entered into the transaction or to prove that the section 6659 addition did not apply. We held, therefore, that the taxpayers were liable for the section 6659 addition. T.C. Memo. 1988-408. In these cases, by uncontroverted affidavit petitioners have shown that their devices were not placed in service. That fact, not an overvaluation, is the touchstone for disallowing their depreciation deductions and investment tax credits. Consequently, the underpayment of tax was not *25 due to an overvaluation of the device, and petitioners are not liable for the section 6659 addition to tax. Petitioners' Motions for Partial Summary Judgment will be granted. Footnotes
1. Cases of petitioners in docket No. 293-87, Gary G. Scheidt and Linda E. Scheidt, and in docket No. 26061-87, Leroy D. Miller, are consolidated herewith.↩
2. All section references are to the Internal Revenue Code of 1954 as in effect for the years at issue, unless otherwise indicated. ↩
*. 50 percent of the interest due on $ 15,739.02. ↩
**. 50 percent of the interest due on $ 6,090.00.↩