HOWARD GILMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gilman v. Comm'r
Docket No. 15585-87
United States Tax Court
T.C. Memo 1990-205; 1990 Tax Ct. Memo LEXIS 224; 59 T.C.M. (CCH) 465; T.C.M. (RIA) 90205; April 23, 1990, Filed Gilman v. Comm'r, T.C. Memo 1989-684, 1989 Tax Ct. Memo LEXIS 684 (T.C., 1989)
*224 An appropriate order will be issued and a decision will be entered under Rule 155. David N. Bowen, for the petitioner. Laurence A. Hoch, Roland Barral, and Drita Tonuzi, for the respondent. CLAPP, Judge. CLAPP
SUPPLEMENTAL MEMORANDUM OPINION This case is before us on petitioner's Motion to Vacate or Revise *225 Decision filed February 2, 1990. Respondent filed a Notice of Objection on March 9, 1990. All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. On December 28, 1989, we filed our opinion in this case, which is reported at . We entered a decision for respondent on January 3, 1990. The case involved petitioner's agreement to purchase certain mainframe computer equipment for $ 3 million on December 31, 1980. Petitioner made a $ 45,000 down payment on the date of purchase and gave the seller an interest-bearing limited recourse promissory note in the principal amount of $ 2,955,000. A portion of the interest payments due in 1981 and 1982 were evidenced by separate short-term promissory notes, which themselves bore interest, due on April 30, 1981, and January 31, 1982. The note due on April 30, 1981, was in the amount of $ 195,000 with interest of $ 12,452. We held that petitioner's transaction lacked both business purpose and economic substance, and disallowed all of petitioner's deductions for depreciation and interest. We also held that petitioner *226 was liable for a valuation overstatement under section 6659 because the correct basis of the equipment was zero rather than the $ 3 million claimed by petitioner. We further held that petitioner was liable for the rate of interest established under section 6621(c)(1). We first note that the granting of a post-decision motion rests within the discretion of the Court and will not be granted unless unusual circumstances or substantial error is shown. See ; ; , affd. on this issue . It is the policy of this Court to try all the issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. In the interest of efficient performance of all judicial work, it is well settled that a post-decision motion cannot raise theories or grounds that could have been advanced or supported at the earlier trial. See ; ; *227 As we noted in -- This Court has an extraordinarily heavy volume of cases, and in many of them, the Court decides an issue against one of the parties because of his failure to carry his burden of proof or to perform some other act. If the Court granted a second chance to every party who lost because of his failure to act in some manner, the Court clearly could not keep abreast of its work. In effect, we would be telling the parties that if they were not satisfied with the first decision, try again. However, on previous occasions, we have denied a petitioner's motion to vacate the decision and reconsider the opinion where the only basis for these motions was the petitioner's unexcused failure to raise certain issues earlier.* * * In his Motion to Vacate or Revise Decision, petitioner makes two arguments. First, he argues that the facts of the case are such that he should have been allowed a deduction for the $ 12,452 of interest he paid on the note due on April 30, 1981. He cites , affd. *228 , in which we stated that "Even if the notes themselves do not give rise to tax deductions because they were payments for anticipated tax benefits, the interest actually paid on those notes is deductible under section 163." . Petitioner did not make this argument in his petition, in the trial memorandum, at trial, or on brief. Under these circumstances, we normally would deny petitioner's motion. However, respondent in his Notice of Objection agrees that petitioner is entitled to the $ 12,452 interest deduction for the 1981 taxable year. This concession by respondent requires that the decision in this case be entered under Rule 155 rather than for respondent. Accordingly, we vacate our original decision and will enter a new decision under Rule 155. Petitioner's second argument is that we erred in imposing upon him an addition to tax under section 6659. Section 6659 states in relevant part -- (a) ADDITION TO THE TAX. -- If -- (1) an individual * * * has an underpayment of the tax imposed by chapter 1 for the taxable year which is attributable to a valuation overstatement, *229 then there shall be added to the tax an amount equal to the applicable percentage of the underpayment so attributable. * * * (c) VALUATION OVERSTATEMENT DEFINED. -- (1) In general. -- For purposes of this section, there is a valuation overstatement if the value of any property, or the adjusted basis of any property, claimed on any return is 150 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis (as the case may be). Petitioner cites , affd. , in which depreciation deductions were disallowed because certain overvalued equipment was not placed in service. We held that the underpayment was not "attributable to" a valuation overstatement. Todd, however, did not address a situation such as in the instant case where the transaction lacked economic substance. When a transaction lacks economic substance, section 6659 will apply because the correct basis is zero and any basis claimed in excess of that is a valuation overstatement. ; . *230 Accordingly, we reject petitioner's second argument. An appropriate order will be issued and a decision will be entered under Rule 155.