DONALD K. HARNESS and JOYCE I. HARNESS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harness v. Commissioner
Docket No. 33005-88
United States Tax Court
T.C. Memo 1991-321; 1991 Tax Ct. Memo LEXIS 370; 62 T.C.M. (CCH) 128; T.C.M. (RIA) 91321; July 11, 1991, Filed *370 Richard G. Smith, for the petitioners. James D. Hill, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM OPINION This case is before the Court on petitioners' Motion for Partial Summary Judgment. The facts are undisputed. The legal issue for us to decide is whether petitioners are liable for the addition to tax for valuation overstatements pursuant to section 6659. Petitioners were legal residents of Boise, Idaho, at the time the petition was filed. Petitioners were looking for a long term investment which would provide them with financial security. They relied upon their accountant who recommended that they invest in master recordings of children's records. In 1981 and 1982 petitioners invested in two such master recordings. Their 1981 investment was a fifty percent interest in a Children's Classics Master Recording entitled "Further Adventures of Peter and the Wolf" leased through Structured Shelters, Inc. Their 1982 investment was a partial interest in a similar children's master recording entitled "The Maiden Without Hands," leased through Oxford Productions Corporation. The specific facts of the master recording investment plan *371 and the assets petitioners believed they were investing in are described at length in Rybak v. Commissioner, 91 T.C. 524, 527-540 (1988). The master recordings were valued by petitioners and their accountant as being worth $ 250,000 for each recording. Petitioners' accountant subsequently filled out and filed petitioners' Federal income tax returns reflecting the $ 250,000 valuations and corresponding investment tax credits. On September 27, 1984, petitioners received a notice of deficiency from respondent reflecting, in part, the disallowance of all investment tax credits from their investments in the master recordings. This notice also alerted petitioners to the fraudulent nature of the investment plan. On December 7, 1984, petitioners brought suit in district court against their accountant and others involved in the investment plan for fraud. Petitioners were able to recover a small amount of their lost investment from their accountant in his bankruptcy proceeding. The original promoters of Children's Classics were convicted of criminal tax fraud. On September 7, 1988, this Court issued its opinion in Rybak v. Commissioner, supra. *372 We disallowed all credits and deductions relating to the master recordings, finding that there was no economic substance and, additionally, that there was no profit objective to the plan. Rybak v. Commissioner, supra at 540. Each master recording was found to be worth, at most, $ 5,000. Rybak v. Commissioner, supra at 534. Petitioners do not contest that valuation. Regarding section 6659: We found the master recording transactions to be devoid of economic substance and held that they are to be disregarded for Federal income tax purposes. Therefore, petitioners' correct adjusted basis in the master recordings is zero. See Rose v. Commissioner, [88 T.C. 386, 426 (1987), affd. 868 F.2d 851 (6th Cir. 1989)]; Zirker v. Commissioner, 87 T.C. 970 (1986). Accordingly, an addition to tax for valuation overstatement is appropriate in these instances.
Rybak v. Commissioner, 91 T.C. at 566-567. Petitioners have not agreed to be bound by the Rybak opinion, although they have conceded that their investments in the master recordings were similar to those *373 investments described in Rybak. Petitioners have conceded that the investments lacked economic substance. Additionally, petitioners contend that the master recordings were not placed in service. Petitioners do not contest the deficiency which was due to the disallowance of all investment tax credits petitioners had claimed in connection with the master recordings investments. The issue before us is whether petitioners are liable for the addition to tax for overvaluation pursuant to section 6659. Respondent contends section 6659 is applicable to the portion of the deficiency which is attributable to the investment tax credits claimed by petitioners from their investments in master recordings. Petitioners cite Todd v. Commissioner, 89 T.C. 912 (1987), affd. 862 F.2d 540 (5th Cir. 1988), as precedent for a finding that they are not liable for the addition to tax because the master recordings were not placed in service. Respondent invites us to overrule Todd and alternately contends that petitioners' concession that the property was not placed in service should not be accepted as it is an obvious attempt by petitioners to avoid the application *374 of section 6659 pursuant to the holding in Todd. Rule 121(b) states that a motion for summary judgment may be granted if there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Similarly, a partial summary judgment may be made which does not dispose of all issues in the case. The parties agree that no genuine issue exists as to any material fact. The parties disagree whether petitioners are entitled to a partial judgment as a matter of law. Section 6659, applicable for Federal income tax returns filed after December 31, 1981, with a due date on or before December 31, 1989 [1], states, in relevant part, as follows: SEC. 6659. ADDITION TO THE TAX. (a) If an individual * * * has an underpayment of the tax imposed by chapter 1 for the taxable year which is attributable to a valuation overstatement, then there *375 shall be added to the tax an amount equal to the applicable percentage of the underpayment so attributable. (b) Applicable Percentage Defined. -- For purposes of subsection (a), the applicable percentage shall be determined under the following table: If the valuation claimed is the
The applicable
following percent of the correct
percentage is:
valuation --
150 percent or more but not more than 200 percent
10
More than 200 percent but not more than 250 percent
20
More than 250 percent
30
(c) Valuation Overstatement Defined. For purposes of this section, there is a valuation overstatement if the value of any property, or the adjusted basis of any property, claimed on any return is 150 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis (as the case may be). In Zirker v. Commissioner, 87 T.C. 970 (1986), involving a dairy cattle operation in which the taxpayers purportedly purchased cattle and then claimed depreciation deductions and investment credits based upon an adjusted basis in the cattle of $ 41,500, we found that a sale of the cattle had not taken place for tax purposes, i.e., the benefits and *376 burdens of ownership had not passed, and, therefore, the taxpayers' correct adjusted basis in the cattle was zero. We found section 6659 to be applicable to the deficiency attributable to the disallowed depreciation deductions and investment credits, treating the full amount of the claimed basis in the cattle as the amount of the valuation overstatement. We found that section 6659 was not applicable, however, to other disallowed expenses such as interest since those expenses were not attributable to a valuation overstatement. In Todd v. Commissioner, 89 T.C. 912 (1987), affd. 862 F.2d 540 (5th Cir. 1988), the taxpayers invested in FoodSource containers and we found that a bona fide sale had occurred and that the investment credits and depreciation deductions were properly disallowed by respondent because the property in question had not been placed in service. Property must be placed in service before depreciation deductions and investment tax credits may be claimed by the taxpayer. Sec. 46(c); sec. 167. Therefore, we held that the disallowance was not due to the valuation overstatement on the return, but due to the fact that the property had *377 not been placed in service. Todd v. Commissioner, supra.Accord Gainer v. Commissioner, 893 F.2d 225 (9th Cir. 1990), affg. a Memorandum Opinion of this Court. In prior cases in which section 6659 was imposed when there was no economic substance to the transactions, the question of whether the property was placed in service was not discussed in connection with section 6659. In these situations in which there are arguably two grounds to support a deficiency and one supports a section 6659 addition to tax and the other does not, the taxpayer may still be liable for the addition to tax. Gainer v. Commissioner, 893 F.2d at 228; Irom v. Commissioner, 866 F.2d 545, 547 (2d Cir. 1989), vacating and remanding a Memorandum Opinion of this Court. In the case at bar, the investment tax credits were disallowed due to the fact that the transactions lacked economic substance, not because the master recordings were not placed in service. As we stated in a similar case: Petitioner cites Todd v. Commissioner, 89 T.C. 912 (1987), affd. 862 F.2d 540 (5th Cir. 1988), in which *378 depreciation deductions were disallowed because certain overvalued equipment was not placed in service. We held that the underpayment was not "attributable to" a valuation overstatement. Todd, however, did not address a situation such as in the instant case where the transaction lacked economic substance. When a transaction lacks economic substance, section 6659 will apply because the correct basis is zero and any basis claimed in excess of that is a valuation overstatement. Rybak v. Commissioner, 91 T.C. 524, 566-567 (1988); Clayden v. Commissioner, 90 T.C. 656, 677-678 (1988).
Gilman v. Commissioner, T.C. Memo 1990-205, 1990 Tax Ct. Memo LEXIS 224, 59 T.C.M. (CCH) 465, 466, T.C.M. (RIA) 90205 at 961, affd. 933 F.2d 143 (2d Cir. 1991). In affirming Gilman v. Commissioner, supra, the United States Court of Appeals for the Second Circuit added: Again, we agree with the Tax Court and with the Eighth Circuit, which has concluded that "when an underpayment stems from disallowed depreciation deductions or investment credit[s] due to lack of economic *379 substance, the deficiency is attributable to overstatement of value, and subject to the penalty under section 6659." Massengill, 876 F.2d 616 at 619-20. The lack of economic substance was due in part to the overvaluation, and thus the underpayment was attributable to the valuation overstatement. * * *
Gilman v. Commissioner, 933 F.2d 143 (slip op. at 26). This Court has been consistent in finding section 6659 applicable when the credits and deductions are disallowed in their entirety due to a lack of economic substance, lack of profit objective, or lack of bona fide sale of the property, when valuation is an integral factor in such determinations. Our reasoning, as stated above, has been that the basis or value in the property is zero, and any basis or value claimed by the taxpayer is an overvaluation. When the valuation overstatements are integral to and inseparable from a finding that the deductions and credits are disallowed, then the addition to tax is applicable. In the case at bar, the investment tax credits were disallowed in full by respondent because the investment plan lacked economic substance and profit objective and valuation was an integral *380 factor in such conclusions. We held in Rybak v. Commissioner, supra, that the master recording had a value which was not more than $ 5,000. Our finding that the master recordings had been overvalued was integral to and inseparable from our finding of a lack of economic substance. Because petitioners have conceded that their transactions were similar to those described in Rybak v. Commissioner, supra, and have conceded that those same transactions lacked economic substance, we conclude that the deficiency caused by the disallowance of the investment credits was attributable to the overvaluation of the master recordings. Pursuant to the above, we hold that petitioners are liable for the addition to tax for overvaluation under section 6659. An appropriate order will be entered.
Footnotes
1. Section 6659 was repealed by Pub. L. 101-239, sec. 7721(c)(2), 103 Stat. 2107, 2395, applicable to returns the due date for which is after December 31, 1989.↩