956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carl R. BOGARDUS, Jr.; Norma Bogardus, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-6121.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs Carl R. Bogardus and Norma Bogardus appeal from an order of the district court denying their motion for an award of attorney's fees filed pursuant to 26 U.S.C. § 7430.
 
 
 3
 On their 1982 income tax returns, plaintiffs included claims for investment tax credits and depreciation deductions relating to their investment in a refrigerated food container. The Internal Revenue Service disallowed the deductions and tax credits and assessed penalties.[1] Plaintiffs conceded the disallowance was proper in light of Noonan v. Commissioner, 52 T.C.M. (CCH) 534 (1986), and paid the entire amount due. Plaintiffs then filed a claim for a refund of the overvaluation penalty and interest thereon imposed pursuant to 26 U.S.C. § 6659 (repealed 1989). The claim was disallowed.
 
 
 4
 Plaintiffs commenced this action in district court seeking a refund of the § 6659 penalty and interest in light of Todd v. Commissioner, 862 F.2d 540 (5th Cir.1988). The district court noted that plaintiffs' deductions and credits had been disallowed on the ground that the container had not been placed in service in 1982.[2] Therefore, the court held that the tax deficiency was not attributable to an overvaluation and the § 6659 penalty did not apply. The government appealed the district court's judgment to this court. The appeal was dismissed by stipulation.
 
 
 5
 Plaintiffs sought to recover costs and attorney's fees. The district court denied the application holding that the government's position was substantially justified.
 
 
 6
 On appeal, plaintiffs argue that the district court erred in so holding. We review the district court's determination regarding attorney's fees under an abuse of discretion standard. Pierce v. Underwood, 487 U.S. 552, 560 (1988).
 
 
 7
 Plaintiffs applied for fees pursuant to 26 U.S.C. § 7430. That section provides for an award of fees to the prevailing party in "any administrative or court proceeding ... in connection with the determination, collection, or refund of any tax, interest, or penalty under this title...." Id. § 7430(a). In order to be awarded fees, the prevailing party must establish that "the position of the United States in the proceeding was not substantially justified." Id. § 7430(c)(4)(A)(i).
 
 
 8
 Here, the parties admit plaintiffs prevailed and dispute only whether the government's position was substantially justified. Two circuits had decided the issue here adversely to the government's position. See Todd, 862 F.2d 540, and Gainer v. Commissioner, 893 F.2d 225 (9th Cir.1990). The government argued that these cases had been wrongly decided and relied on Irom v. Commissioner, 866 F.2d 545 (2d Cir.1989) to support its position.
 
 
 9
 The district court rejected the government's position and held that Todd and Gainer were the controlling law. The fact that the government lost on the merits, however, "does not mandate a determination of unreasonableness." Bowles v. United States, 947 F.2d 91, 94 (4th Cir.1991). The district court denied fees because this case was one of first impression in this circuit and because only two circuits had previously rejected the government's position. "[T]wo cases on point in other circuits do not create the type of overwhelming authority on which the Court might base a finding of substantial unjustification." District court order of February 19, 1991, at 2.
 
 
 10
 We have examined the record and the Todd, Gainer and Irom cases carefully. Although we find Todd and Gainer convincing and Irom not inconsistent with the others, we are convinced the government had a sufficient argument on the merits that the district court did not err in denying attorney's fees. Two prior adverse decisions from other circuits are not a sufficient number to convince us that the government should have abandoned its position.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Apparently, the Internal Revenue Service also disputed plaintiffs' 1983 tax returns on the same grounds. This dispute was settled by stipulation
 
 
 [2]
 The container was placed in service in 1984