Walter **PROCHORENKO** and Oksana Prochorenko, Plaintiffs–Appellants,

v.

**UNITED STATES**, Defendant–Appellee.

No. 00–5045.

United States Court of Appeals, Federal Circuit.

March 23, 2001.

Dennis N. Brager, Law Offices of Dennis N. Brager, A.P.C., of Los Angeles, CA, argued for plaintiffs-appellants.

Teresa E. McLaughlin, Attorney, Tax Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief was Teresa T. Milton, Attorney.

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

LOURIE, Circuit Judge.

Walter and Oksana Prochorenko appeal from the decision of the United States Court of Federal Claims granting summary judgment in favor of the government and denying the Prochorenkos' motion for summary judgment on their claim for a refund of federal income taxes paid for the years 1982 through 1985. *Prochorenko v. United States*, 45 Fed. Cl. 494 (2000). Because we conclude that the Prochorenkos are not entitled to reduce their partnership tax liability based on the statutory right to a consistent settlement of "partnership items" under I.R.C. § 6224(c)(2), we affirm.

## BACKGROUND

After acquiring a limited partnership interest in Syn Fuel Associates in 1982, the Prochorenkos claimed deductions on their joint federal income tax returns for 1982 through 1985 based on their proportional share of the partnership losses. *Id.* at 495. After conducting an audit, the Internal Revenue Service ("IRS") disallowed the claimed partnership losses and issued a Final Partnership Administrative Adjustment ("FPAA") pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. No. 97–248, 96 Stat. 324 (1982). *Id.* at 495–96. Subsequently, several partners elected to challenge the FPAA in the United States Tax Court. *Id.* at 496. While the appeal in the Tax Court was still pending, several other partners entered into an agreement with the IRS ("the Craig settlement") under terms that were more favorable to the settling partners than those in the FPAA. *Id.* Dennis Brager, the attorney who represented the settling partners, also represented other Syn Fuel partners who did not enter into the Craig settlement. *Id.*

On March 31, 1993, the Tax Court upheld the FPAA. *Peat Oil & Gas Assocs. v. Comm'r,* 100 T.C. 271, 1993 WL 95582 (1993). On April 30, 1993, Brager sent a letter to all of the non-settling partners that he represented, including the Prochorenkos, informing them of the Tax Court's decision and advising them to request settlements under terms consistent with the Craig settlement. *Prochorenko,* 45 Fed. Cl. at 496. Under I.R.C. § 6224(c)(2), if the IRS enters into a settlement agreement "with respect to partnership items" with any partner, other partners have the right to request terms that are consistent with those contained in the previous settlement agreement. Such requests must be made within 150 days from the day on which notice of the FPAA is mailed to the tax matters partner, or within sixty days from the day on which the prior settlement agreement was entered into. I.R.C. § 6224(c)(2); Treas. Reg. § 301.6224(c) 3T (2000). In his letter, Brager instructed any clients who were interested in request-

ing such a settlement to do so by May 10, 1993, which was sixty days after the date that the IRS gave notice of the Craig settlement. *Prochorenko,* 45 Fed. Cl. at 497. The Prochorenkos did not make such a request. *Id.* Instead, the non-settling partners (which by operation of law included the Prochorenkos) appealed to the United States Court of Appeals for the Second Circuit, which affirmed the Tax Court's decision. *Ferguson v. Comm'r,* 29 F.3d 98 (2d Cir.1994).

After paying the disputed taxes, the Prochorenkos learned that another Syn Fuel partner, Anthony Colitti, and his wife had entered into an agreement with the IRS ("the Colitti settlement") on August 17, 1997, under terms that were similar to those granted in the earlier Craig settlement. *Prochorenko,* 45 Fed. Cl. at 497. On May 4, 1995, the Colittis wrote to the IRS seeking "to formalize the agreement that they believe[d] that they entered into." *Id.* at 498. According to the Colittis, they had signified their acceptance of the IRS's earlier settlement offer in 1993. *Id.* Although the IRS disputed the Colittis' contentions as to whether they had timely requested such a settlement, the IRS eventually agreed to settle with the Colittis "through administrative grace only." *Id.* On October 3, 1997, within sixty days from the date the Colitti settlement was finalized, the Prochorenkos filed a request with the IRS for a settlement agreement with terms consistent with the Colitti settlement, which the IRS denied. *Id.* The Prochorenkos subsequently filed tax refund claims for the years 1982 through 1985, based on their request for a consistent settlement, which the IRS also denied. *Id.*

Thereafter, the Prochorenkos filed this suit in the Court of Federal Claims. *Id.* The government filed a motion for summary judgment, and in the alternative, moved for dismissal for lack of jurisdiction. The Prochorenkos filed a cross-motion for summary judgment. The court granted summary judgment in favor of the govern-

ment, concluding that the Prochorenkos had failed to state a claim upon which relief could be granted, and denied the Prochorenkos' corresponding cross-motion. *Id.* at 501. The court concluded that the Prochorenkos were not entitled to a reduction of their partnership tax liability based on the Colitti settlement. *Id.* at 495. The court explained that the Colitti settlement did not trigger the right to a consistent settlement under I.R.C. § 6224(c)(2) because it was not a settlement "with respect to partnership items." *Id.* at 501. The Prochorenkos now appeal to this court. We have jurisdiction pursuant to 28 U.S.C .A § 1295(a)(3) (West Supp.2000).

## DISCUSSION

 We review the Court of Federal Claims' grant of a motion for summary judgment "completely and independently, construing the facts in the light most favorable to the non-moving party." *Am. Airlines, Inc. v. United States,* 204 F.3d 1103, 1108 (Fed.Cir.2000) (quoting *Good v. United States,* 189 F.3d 1355, 1360 (Fed. Cir.1999)). In reviewing a denial of a motion for summary judgment, we give considerable deference to the trial court, and "will not disturb the trial court's denial of summary judgment unless we find that the court has indeed abused its discretion." *SuntTiger, Inc. v. BluBlocker Corp.,* 189 F.3d 1327, 1333 (Fed.Cir.1999). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* When both parties move for summary judgment, the court must evaluate each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *McKay v. United States,* 199 F.3d 1376, 1380 (Fed.Cir.1999). If there are no material facts in dispute precluding summary judgment, our task is to determine whether the judgment granted is correct as a matter of law. *Bankers Trust N.Y. Corp. v. United States,* 225 F.3d 1368, 1372 (Fed.Cir.2000).

### A. *Jurisdiction*

Before we reach the merits of the Prochorenkos' appeal, we must first address the government's contention that the Court of Federal Claims lacked jurisdiction over the Prochorenkos' tax refund claim because the United States has not waived its sovereign immunity with respect to such claims. The Court of Federal Claims declined to decide this issue in light of its conclusion that the Prochorenkos failed to state a claim for which relief could be granted. Establishment of jurisdiction, however, is a prerequisite to a decision on the merits. We will therefore determine first whether the Court of Federal Claims had jurisdiction over the Prochorenkos' claim.

The government contends that the Prochorenkos' suit is barred by I.R.C. § 7422(h), which precludes suits "for a refund attributable to partnership items." The government argues that the Prochorenkos' claim does not fall within the scope of I.R.C. § 6230(c)(1)(B), which allows a partner to file a refund claim for overpayments "attributable to the application to the partner of a settlement." The government contends that this express exception only applies to a partner who is bound by a settlement that the IRS refuses to honor. The Prochorenkos respond that the Court of Federal Claims had jurisdiction to hear their claim under I.R.C. § 6230(c)(3), which permits a partner to bring suit if a refund claim under I.R.C. § 6230(c)(1)(B) is not allowed. The Prochorenkos contend that I.R.C. § 6230(c)(1)(B) allows a partner to file a refund claim for an overpayment due to the failure of the IRS to make a refund based on the application of a settlement entered into with another partner.

 We conclude that the Prochorenkos' claim is not barred by I.R.C. § 7422(h) because it is not a claim "for a refund attributable to partnership items." Section 7422(h) provides as follows:

(h) Special rule for actions with respect to partnership items.—No action may be

brought *for a refund attributable to partnership items (as defined in section 6231(a)(3)* ) except as provided in section 6228(b) or section 6230(c).

I.R.C. § 7422(h) (emphasis added). Section 6231(a)(3), which is located in the subchapter of the Internal Revenue Code that deals with the tax treatment of partnership items, expressly defines the term "partnership items" as follows:

> (3) Partnership item.—The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A *to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.*

I.R.C. § 6231(a)(3) (emphasis added).

Items that are "more appropriately determined at the partnership level than at the partner level and therefore are partnership items" are specifically set forth in the applicable regulation. Treas. Reg. § 301.6231(a)(3)–1(a) (2000). Under this regulation, "partnership items" include items such as the income, gains, losses, deductions, and credits of a partnership, *id.,* but do not include an individual partner's right to request a consistent settlement under I.R.C. § 6224(c)(2), *see Monti v. United States,* 223 F.3d 76, 82 (2d Cir. 2000). As the Second Circuit explained in *Monti:*

> One partner's right to settlement terms consistent with those granted to another partner is not a partnership item, because the question posed requires consideration of the relationship between one partner's situation and another's and the individual's, rather than the partnership's, communications with the IRS. The facts needed to determine whether consistent terms were offered are facts about the partner, not facts about the partnership.

*Id.* at 82–83. Accordingly, we conclude that a partner's right to a consistent settlement under I.R.C. § 6224(c)(2) is not itself a "partnership item."

While it is true that the Prochorenkos were seeking a refund of partnership taxes, their refund was not "attributable to partnership items." Rather, it was based on their claimed right to a consistent settlement under I.R.C. § 6224(c)(2). The Prochorenkos claimed that they were entitled to a reduction of their partnership tax liability based on a settlement that the IRS had entered into with another partner. Whether or not the Prochorenkos were entitled to such a reduction is an issue that is entirely dependent on their own unique factual circumstances, and has no effect on and is not affected by the tax liability of any of the other Syn Fuel partners. Accordingly, this is not the type of issue that is "more appropriately determined at the partnership level." Treas. Reg. § 301.6231(a)(3)–1(a). Construing the phrase "attributable to partnership items" so broadly as to cover claims that depend on the unique circumstances of an individual partner, and that only affect that partner, would be contrary to the system of separate treatment of partnership items and nonpartnership items established by Congress in enacting TEFRA. *Monti,* 223 F.3d at 82 (explaining that while, at some level of generality, most refund claims for partnership taxes can be characterized as a refund "attributable to partnership items," to treat claims that are entirely dependent on facts peculiar to an individual partner would blur the distinction between proceedings involving partnership items and those involving nonpartnership items, and would be contrary to the system established by Congress in enacting TEFRA). We therefore conclude that the Prochorenkos' claim is not for a refund "attributable to partnership items," and that the Court of Federal Claims had jurisdiction to hear the Prochorenkos' claim.

**B. *The Colitti Settlement***

■ We next address the parties' arguments concerning whether the Prochoren-

kos are entitled to a consistent settlement under § 6224(c)(2). The Prochorenkos argue that they are entitled to a settlement consistent with the Colitti settlement, which they characterize as a settlement "with respect to partnership items" that reduced the Colittis' tax liability for partnership items. The Prochorenkos contend that the Court of Federal Claims erred in determining that the Colitti settlement was merely a settlement of the Colittis' claim that they were entitled to a consistent settlement under I.R.C. § 6224(c)(2). The Prochorenkos also contend that the IRS had the authority to settle "partnership items" with the Colittis under I.R.C. §§ 6404(a) and 6224(c)(2), and that even if the IRS did not have such authority, the Colitti settlement still triggered the Prochorenkos' right to request a consistent settlement under I.R.C. § 6224(c)(2) because it was voidable and not void *ab initio*.

The government responds that the Prochorenkos are not entitled to a consistent settlement under I.R.C. § 6224(c)(2) because the Colitti settlement was not a settlement "with respect to partnership items." The government asserts that the Colitti settlement was instead a settlement of the Colittis' claim that they were entitled to terms consistent with the earlier Craig settlement, based on their timely election in 1993. The government argues that the IRS compromised with the Colittis based on their unique factual claim, and not on a claim that related to the substantive treatment of Syn Fuel partnership items.

We agree with the government that the Prochorenkos are not entitled to a consistent settlement under I.R.C. § 6224(c)(2) because the Colitti settlement was not a settlement agreement "with respect to partnership items." We reach this conclusion based upon the plain language of the relevant statutes. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed

legislative intention to the contrary, that language must ordinarily be regarded as conclusive."). Section 6224(c)(2) provides in relevant part as follows:

> (2) Other partners have right to enter into consistent agreements.—If the Secretary enters into a settlement agreement with any partner *with respect to partnership items* for any partnership taxable year, the Secretary shall offer to any other partner who so requests settlement terms for the partnership taxable year which are consistent with those contained in such agreement.

I.R.C. § 6224(c)(2) (emphasis added). Thus, according to the plain language of the statute, whether the Prochorenkos are entitled to a consistent settlement under I.R.C. § 6224(c)(2) depends on whether the Colitti settlement was a settlement "with respect to partnership items."

The Court of Federal Claims expressly determined that "[t]he undisputed evidence shows that the [Colittis] claimed that they sought a consistent settlement in 1993." *Prochorenko,* 45 Fed. Cl. at 501. The court noted that the Colittis wrote to the IRS on May 4, 1995, seeking "to formalize the agreement that they believe[d] that they entered into by communicating their desire to accept the settlement offer to the attorney for the partnership." *Id.* at 498. The court further noted that although the IRS disputed the Colittis' contentions, the IRS eventually agreed to settle with the Colittis "on terms similar to the 'Craig settlement.'" *Id.* Thus, the record supports the court's determination that the Colitti settlement was a settlement of the Colittis' factual claim that they were entitled to terms consistent with the Craig settlement, based on their request in 1993, rather than a settlement of partnership items. In other words, the Colitti settlement specifically resolved the issue whether the Colittis had a right to a consistent settlement under I.R.C. § 6224(c)(2), based on their unique factual circumstances.

In light of our earlier determination that a partner's right to a consistent settlement under I.R.C. § 6224(c)(2) is not a "partnership item," we conclude that the Colitti settlement was not a settlement "with respect to partnership items." While the Colitti settlement effectively reduced the Colittis' tax liability for "partnership items," the Colitti settlement itself was not a settlement "with respect to partnership items" because it arose from a claim that was "entirely dependent on facts peculiar to a single partner." *Monti,* 223 F.3d at 82. Whether the Colittis had made a timely request for a settlement offer with consistent terms is a specific factual question that relates solely to the Colittis, and does not relate to the substantive treatment of Syn Fuel partnership items. Accordingly, the Colitti settlement was not a settlement "with respect to partnership items" that triggered the rights of other partners to obtain a consistent settlement under I.R.C. § 6224(c)(2).

In its decision, the Court of Federal Claims concluded that the Colitti settlement could not have been a settlement of partnership items that triggered the rights of other parties under I.R.C. § 6224(c)(2) because the IRS did not have the legal authority to settle partnership items once a final judgment on a contested FPAA has been entered. However, having reached the conclusion that the Colitti settlement was not a settlement "with respect to partnership items" on grounds distinct from those relied on by the Court of Federal Claims, it is unnecessary for this court to reach the parties' arguments concerning that issue.

We note that the very same basis that provides for jurisdiction in this case, *i.e.,* that the Prochorenkos' claimed right to a consistent settlement under I.R.C. § 6224(c)(2) is not itself a partnership item, also deprives the Prochorenkos of the right to a settlement consistent with the Colitti settlement, because that settlement was not a settlement "with respect to partnership items." The Prochorenkos could have requested a settlement consistent with the earlier Craig settlement, but they failed to do so within 150 days after notice was given to the tax matters partner, or within sixty days after the date the settlement was entered into. *See* I.R.C. § 6224(c)(2); Treas. Reg. § 301.6224(c) 3T. Thus, the Prochorenkos were not entitled to a consistent settlement under I.R.C. § 6224(c)(2).

The Prochorenkos contend that the Court of Federal Claims' determination, that the IRS had settled the Colittis' claim that they were entitled to a consistent settlement, is contrary to the record evidence because, *inter alia:* (1) the Colittis never claimed that they submitted a timely request to the IRS; and (2) the Colitti settlement had more favorable terms than the Craig settlement. We disagree. While the Colittis may not have specifically contended that they submitted their request directly to the IRS, it is undisputed that the Colittis did claim that they had timely requested a consistent settlement under I.R.C. § 6224(c)(2) by communicating their acceptance of the IRS's settlement offer (*viz.,* the Craig settlement) to the attorney for the partnership. *Prochorenko,* 45 Fed. Cl. at 498. Whether or not the Colittis properly made such a request to the IRS does not alter the fact that they claimed that they were entitled to a consistent settlement, and that the Colitti settlement ultimately resolved that claim.

Likewise, although there may have been slight differences in the terms of the Colitti and Craig settlements, that does not negate the fact that the Colitti settlement originated from the Colittis' factual claim that they were entitled to a settlement consistent with the Craig settlement. Furthermore, the Prochorenkos do not dispute the government's assertion that the differences between the Colitti settlement and the Craig settlement primarily concerned certain "nonpartnership items" (*i.e.,* penalties and tax-motivated interest), and that the IRS was not required to grant consistent settlement terms with respect to such items. Accordingly, none of the Prochorenkos' factual assertions con-

tradict the Court of Federal Claims' determination that the Colitti settlement was a settlement of the Colittis' claim that they were entitled to a consistent settlement under I.R.C. § 6224(c)(2).

We have carefully considered the Prochorenkos' other arguments concerning this issue, but find them lacking in merit.

## C. Discovery

■ As a final matter, the Prochorenkos argue that the Court of Federal Claims abused its discretion in denying their request for further discovery. The Prochorenkos contend that they were entitled to discovery of all documents relating to the Colitti settlement, including evidence as to what the IRS staff believed that they were settling, because there was a material question as to the nature of the Colitti settlement. The government responds that the Court of Federal Claims properly exercised its discretion in denying the Prochorenkos' discovery request because further discovery would not have altered the court's conclusion that the Prochorenkos were not entitled to a consistent settlement.

We agree with the government that the Court of Federal Claims did not abuse its discretion in denying the Prochorenkos' discovery request. First, an abuse of discretion standard is a difficult one to meet on appeal. No abuse has been shown here. Moreover, as explained above, the evidence of record supports the court's determination that the Colitti settlement was a settlement of the Colittis' claim that they were entitled to a consistent settlement under I.R.C. § 6224(c)(2). Thus, given that the Colitti settlement was not a settlement of "partnership items," additional discovery would not have altered the court's conclusion that the Prochorenkos had no right to a settlement consistent with the Colitti settlement under I.R.C. § 6224(c)(2).

## CONCLUSION

For the above reasons, we conclude that the Prochorenkos are not entitled to reduce their partnership tax liability based on the statutory right to a consistent settlement of "partnership items" under I.R.C. § 6224(c)(2). Accordingly, we

*AFFIRM.*

BRYSON, *Circuit Judge,* dissenting:

I would not reach the merits of this dispute but would hold that the Court of Federal Claims lacked jurisdiction to entertain the Prochorenkos' claim. I therefore respectfully dissent on that issue.

The first step in the jurisdictional analysis is 26 U.S.C. § 7422(h), which provides that no action may be brought "for a refund attributable to partnership items" except as provided in 26 U.S.C. §§ 6228(b) or 6230(c). The court holds that the Prochorenkos' claim is not barred by section 7422(h) because their claim is not "for a refund attributable to partnership items," but instead is for treatment consistent with that given to the taxpayers in the Colitti settlement. Although the matter is debatable, I would not characterize the Prochorenkos' claim in that way. To be sure, the Prochorenkos are asking to be treated consistently with the Colittis, but the tax items as to which they are seeking consistent treatment are partnership items. The Prochorenkos' tax liability, and thus their right to a refund if they are entitled to one, relates to the tax treatment of those partnership items. The substance of their claim is therefore "attributable to partnership items" in the ordinary sense of that phrase. The Seventh Circuit agrees with this analysis, *see Kaplan v. United States,* 133 F.3d 469, 473 (7th Cir. 1998), although the Second Circuit does not, *see Monti v. United States,* 223 F.3d 76, 82 (2d Cir.2000). Because the Prochorenkos are seeking a refund that stems from the tax treatment of partnership items, I think the Seventh Circuit's interpretation of section 7422(h) in *Kaplan* is correct and the Second Circuit's interpretation in *Monti* is not.

In *Monti,* the court ruled that an action brought by non-settling partners seeking

tax treatment consistent with that accorded to other partners did not fall within the bar of section 7422(h). The Second Circuit reasoned that the Montis' action was not "attributable to partnership items" because their asserted right to consistent treatment depended on facts specific to them and their dealings with the IRS rather than on facts general to the partnership. *Monti,* 223 F.3d at 82. That reasoning, however, would seem to apply as well to other actions brought by individual partners, such as actions claiming errors in the computations or application of partnership items to particular partners, *see* 26 U.S.C. § 6230(c)(1), or actions seeking a refund when the Secretary decides to treat a particular partner's partnership items as nonpartnership items, *see* 26 U.S.C. § 6228(b). Yet such actions fall within the scope of section 7422(h) and are exempted from its ban only by express exceptions in section 7422(h). The fact that an action turns on facts specific to particular partners therefore does not keep it from being an action "for a refund attributable to partnership items," within the meaning of section 7422(h), as long as the tax issues on which the refund request is based arise from partnership items.

The Prochorenkos do not dispute that section 7422(h) is applicable to their claim; instead, they contend that the Court of Federal Claims has jurisdiction over their complaint because their claim falls within the express exception to section 7422(h) for claims brought under section 6230(c). That subsection provides in pertinent part that a partner may file a claim for a refund on the ground that "the Secretary failed to allow a credit or to make a refund to the partner in the amount of the overpayment attributable to the application to the partner of a settlement...." The Prochorenkos interpret that language to provide an exception for claims based on the failure to give a partner the benefit of a prior partnership settlement. I disagree. Although the statutory language is not entirely clear on this point, it is most naturally interpreted to refer to claims in which the Secretary fails to make a refund or allow a

credit in the proper amount based on a prior settlement that *has been* applied to the partner. The Prochorenkos contend that section 6230(c) also includes a claim for a refund that should have been paid based on a prior partnership settlement that *should have been* applied to the partner filing the claim, but the statutory language is not so broad. It refers to a refund "attributable to the application to the partner of a settlement," not to a refund attributable to the erroneous failure to apply a settlement to the partner. The narrower reading of section 6230(c)(1)(B) is not only more consistent with the statutory language, but it is also more in accordance with the title of the subsection, "Claims arising out of erroneous computations, etc." Consistent with the title, the subsection is most naturally read to apply to errors resulting from mistakes in applying the terms of a prior settlement to the suing partner, not to the Secretary's refusal to make a prior settlement applicable to the suing partner at all. Because I am persuaded that the bar of section 7422(h) applies to the Prochorenkos' claim and that the exception to that bar in section 6230(c) does not, I would vacate the judgment in this case and remand with directions to dismiss the complaint for lack of jurisdiction.