NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELWOOD J. LEBLANC, JR. and JANICE L. LEBLANC,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5073

---

Appeal from the United States Court of Federal Claims in Case No. 05-CV-743, Judge Francis M. Allegra.

---

Decided: February 7, 2011

---

THOMAS E. REDDING, Redding & Associates, P.C., of Houston, Texas, argued for plaintiffs-appellants. With him on the brief were TERESA J. WOMACK and SALLIE W. GLADNEY.

DEBORAH K. SNYDER, Attorney, Commercial Litigation Branch, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were JOHN A. DICICCO,

Acting Assistant Attorney General, and BRUCE R. ELLISEN, Attorney.

———————————

Before RADER, *Chief Judge*, GAJARSA and PROST, *Circuit Judges.*

RADER, *Chief Judge.*

On summary judgment, the United States Court of Federal Claims determined that Elwood J. LeBlanc, Jr. and Janice L. LeBlanc had no entitlement to a refund for federal income tax paid in connection with their investments in a partnership. *LeBlanc v. United States*, 90 Fed. Cl. 186, 195-96, 203 (Fed. Cl. 2009). The trial court also refused to dismiss the claim for lack of jurisdiction. *Id.* Because the trial court lacked subject matter jurisdiction over this refund claim, this court reverses the jurisdictional finding and remands the case with instructions to dismiss.

I

The LeBlancs became limited partners in Agri-Cal Venture Associates ("ACVA") in 1986. On its partnership tax return for tax year 1986, ACVA claimed a net loss of approximately $34 million. Based on their distributive share of these losses, the LeBlancs reported a loss deduction of $69,380 on their 1986 joint federal income tax return. The Internal Revenue Service ("IRS") disallowed approximately $33 million of the claimed losses, in part because it found that "[t]he partnership's activities constituted a series of sham transactions lacking economic substance." J.A. 97-101. In response, some of the partners filed a petition in the United States Tax Court seeking readjustment of partnership items.

In 1999, the LeBlancs abandoned their partnership

interest in ACVA. Then in 2000, while the partnership-level proceeding before the Tax Court was still pending, they settled their 1986 income tax liability with the IRS. Under that partner-specific settlement agreement, the IRS allowed them to report about half of the previously disallowed losses.

The Tax Court issued its decision in the partnership-level proceeding in 2001, reducing ACVA's net loss in tax year 1986 by approximately $16 million based on its finding that the partnership's activities "lacked economic substance." J.A. 179-80.

In 2002, the LeBlancs filed a refund claim for their 1999 tax year. They claimed an ordinary loss of $34,084 and sought a refund of $8,789 "[t]o reflect loss on partnership interest abandonment" for ACVA. J.A. 192-93, 199. The IRS disallowed their refund claim. The LeBlancs filed this refund suit in the U.S. Court of Federal Claims.

In their amended complaint, the LeBlancs alleged that "[a]s an indirect consequence of the settlement, there was a substantial basis in the partnership interest and a resulting loss upon the abandonment of the partnership, which loss is the basis of this claim for refund." J.A. 242. The Government moved to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for summary judgment that the LeBlancs' basis in their partnership interest was zero at the time of the alleged abandonment, precluding the claimed loss. The trial court found that it had jurisdiction but granted the Government's motion for summary judgment. This court has jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

This court reviews without deference the trial court's determination that it had subject matter jurisdiction.

*Wilson v. United States*, 405 F.3d 1002, 1008 (Fed. Cir. 2005).

In *Schell v. United States*, 589 F.3d 1378 (Fed. Cir. 2009), a decision that issued after the trial court had already decided the instant case, this court was presented with a nearly identical set of facts and concluded that the trial court lacked jurisdiction. Like the LeBlancs, the *Schell* taxpayers invested in partnerships that reported losses and then reported their pro rata share of the loss on their tax returns. *Id.* at 1380. The IRS found that the partnerships' activities were sham transactions, lacking economic substance, and disallowed the claimed losses. *Id.* While partnership-level proceedings challenging these findings were pending in the Tax Court, the taxpayers in *Schell* entered into partner-specific settlement agreements with the IRS, allowing them to report approximately half of the previously disallowed losses. *Id.* The Tax Court later found that the partnerships' transactions "lacked economic substance." *Id.*

After the partnerships at issue terminated, the *Schell* taxpayers filed a refund claim, contending that "as a direct consequence of the settlement . . . there was a substantial basis in the partnership interest and a resulting loss upon the dissolution and termination of the partnership, which loss is the basis of this claim for refund." *Id.* The IRS rejected their refund claim, and the taxpayers in *Schell* filed a complaint at the Court of Federal Claims. *Id.* The Court of Federal Claims dismissed the complaint for lack of jurisdiction, and this court affirmed on appeal. *Id.* at 1380-81, 1384.

As this court explained in *Schell*, "a sham transaction, devoid of economic substance, cannot be the basis for a deductible loss." *Id.* at 1382. Consequently, the refund claim was necessarily based on the assertion that the

partnerships' transactions were not shams.  Because the question as to whether a partnership transaction was a sham is a partnership item, *Keener v. United States*, 551 F.3d 1358, 1365 (Fed. Cir. 2009), such refund claims are attributable to a partnership item.  Under the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), the Court of Federal Claims lacks jurisdiction to hear partner refund claims where the refund is "attributable to partnership items."  I.R.C. § 7422(h).  Accordingly, the Court of Federal Claims correctly found that it lacked jurisdiction over the refund claim in *Schell.  Id.*

The same reasoning applies to the LeBlancs.  Their refund claim rests on the assertion that ACVA's transactions were not shams and thus is attributable to a partnership item.  Because the facts in this case are indistinguishable from the facts in *Schell*, this court reverses the trial court's jurisdictional finding and remands with instructions to dismiss for lack of subject matter jurisdiction.

**REVERSED AND REMANDED**