NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOMICIANO REDONDO,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5058

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0489, Senior Judge Robert J. Yock.

---

Decided: September 13, 2013

---

DOMICIANO REDONDO, of Melbourne, Florida, pro se.

ROBERT J. BRANMAN, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were KATHRYN KENEALLY, Assistant Attorney General, and KENNETH L. GREENE, Attorney. Of counsel was KENNETH W. ROSENBERG, Attorney.

---

Before RADER, *Chief Judge,* PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Plaintiff-Appellant *pro se*, Domiciano Redondo, appeals a decision of the United States Court of Federal Claims dismissing, for lack of subject-matter jurisdiction, Mr. Redondo's income tax refund claim. Because the Court of Federal Claims correctly determined that Mr. Redondo's claim is untimely, we *affirm*.

## BACKGROUND

Mr. Redondo seeks a refund of federal income tax. He filed his 2005 tax return and paid taxes for that year on April 15, 2006. On June 28, 2010, after realizing the alternative minimum tax had been computed in error in his 2005 tax return, Mr. Redondo filed an amended 2005 tax return requesting a refund.

At the time he requested a refund, Mr. Redondo also sought a waiver of the three-year statute of limitations for seeking a tax refund. He submitted a letter explaining that he had been unable to amend his 2005 tax return before the statute of limitations expired because he was suffering from clinical depression. In support, Mr. Redondo submitted a letter by his doctor, Murray A. Kimmel, confirming that Mr. Redondo had been diagnosed with Meniere's disease in December 2004 and subsequently developed depression, for which he received treatment from January 2005 "until sometime in mid 2006." A. 25.

On August 12, 2010, the Internal Revenue Service ("IRS") disallowed Mr. Redondo's refund claim as untimely. Mr. Redondo appealed, arguing that he had adequately established a "financial disability" that tolled the statute of limitations. A. 31-32.

On February 14, 2011, the IRS sent a letter to Mr. Redondo noting specific deficiencies in the evidence he

had submitted and requesting additional information in order to evaluate his financial disability. Mr. Redondo responded by submitting a second letter from Dr. Kimmel explaining that Mr. Redondo's "medical problems have made managing his daily living, finances etc. extremely difficult," and confirming that his condition continued "well through 2006." A. 36. Mr. Redondo also submitted to the IRS a letter by two friends, Rickey and ReJonna Blackmon, who indicated that they had witnessed that Mr. Redondo's medical condition had "disabled him from the end of 2005 until the present" and made him "unable to care for himself." A. 37. Mr. and Mrs. Blackmon described how they had assisted Mr. Redondo with everyday tasks "[d]uring the years of late 2005 – 2009." *Id.* Mr. Redondo timely filed tax returns for the years 2006, 2007 and 2008 on April 15 of 2007, 2008 and 2009, respectively. A. 39-44.

The IRS's Appeals Office denied Mr. Redondo's tax refund claim on April 25, 2011. Mr. Redondo filed a complaint in the Court of Federal Claims on August 6, 2012. The government moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and the Court of Federal Claims granted the government's motion on December 18, 2012. The Court of Federal Claims concluded that Mr. Redondo failed to demonstrate a "financial disability" as required under section 6511(h) of the Internal Revenue Code, and that, even if it were to find the statute of limitations had been tolled during Mr. Redondo's period of illness (lasting through 2006, at the latest), Mr. Redondo's claim would still be untimely because the statute of limitations would have run on December 31, 2009, and he filed his amended tax return on June 28, 2010.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

DISCUSSION

We review *de novo* the Court of Federal Claims' decision to dismiss for lack of subject matter jurisdiction, and its underlying factual findings for clear error. *See Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (citations omitted). As the plaintiff, Mr. Redondo bears the burden of establishing jurisdiction. *Keener v. United States*, 551 F.3d 1358, 1361 (Fed. Cir. 2009). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court must assume all factual allegations to be true and draw all reasonable inferences in the plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

A.

Section 6511(a) of the Internal Revenue Code requires that a taxpayer bring a refund claim "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever occurs later. 26 U.S.C. § 6511(a). Mr. Redondo filed his 2005 tax return and paid taxes on April 15, 2006, which means that April 15, 2009, was the deadline for him to seek a refund. But Mr. Redondo did not request a refund until June 28, 2010, which was well beyond the 2009 deadline. Mr. Redondo's claim, therefore, must be dismissed unless he was entitled to a suspension of the statute of limitations.

B.

The statute of limitations can be tolled due to a "financial disability" during the time that a taxpayer is unable to manage financial affairs by reason of a physical or mental impairment, "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 26 U.S.C. § 6511(h)(2)(A).

We agree with the Court of Federal Claims that Mr. Redondo's allegations fail to establish "financial disabil-

ity" within the meaning of section 6511(h). The statute provides that an individual shall not be considered to be "financially disabled" unless proof is furnished "in such form and manner as the Secretary may require." § 6511(h)(2)(A). IRS Revenue Procedure 99-21 specifies that, to establish "financial disability," a taxpayer must submit a written statement by a physician that includes:

    (a) the name and a description of the taxpayer's physical or mental impairment;

    (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;

    (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;

    (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and

    (e) the following certification, signed by the physician: I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

Rev. Proc. 99-21, § 4(1).

In his supplemental statement, Dr. Kimmel described the symptoms of Meniere's disease and confirmed that the disease and Mr. Redondo's clinical depression "made managing his daily living, finances, etc. extremely difficult." A. 36. The Court of Federal Claims found that Dr. Kimmel, however, failed to specifically state that Mr.

Redondo was "prevented" from managing his financial affairs, and failed to indicate a specific time period during which Mr. Redondo was unable to tend to his financial affairs. Additionally, the Court of Federal Claims found that Dr. Kimmel's statements did not include a signed certification as required by Revenue Procedure 99-21 § 4(1). The Court of Federal Claims accordingly found that the evidence submitted by Mr. Redondo failed to comply with the requirements to establish a "financial disability" under section 6511(h). A. 6-7; *see also* A. 25, 36. We see no clear error in the Court of Federal Claims' findings and therefore agree with its determination that Mr. Redondo failed to establish tolling of the statute of limitations.

We also agree with the Court of Federal Claims that, even if Mr. Redondo were considered "financially disabled" during his period of illness, his tax refund claim would still be untimely. Reading Mr. Redondo's complaint in the most favorable view, and drawing all inferences in his favor, we detect no clear error in the Court of Federal Claims' conclusion that the evidence submitted by Mr. Redondo at most would establish that his "financial disability" ended on December 31, 2006. *See* A. 8; *see also* A. 25 ("[Mr. Redondo's condition] lasted until sometime in mid 2006."); A. 36 ("[Mr. Redondo's] condition continued well through 2006.").[1] As a result, the applicable time

---

[1]    Mr. Redondo argues that he suffered from clinical depression until the spring of 2009. Appellant's Inf. Br. 1. The Court of Federal Claims correctly based its finding on the statements by Dr. Kimmel, which do not support Mr. Redondo's allegation. *See* A. 8, 25, 36. Although Mr. and Mrs. Blackmon state that Mr. Redondo was disabled "from the end of 2005 until the present" (A. 37), their statement is not a "medical statement by a physician." Rev. Proc. 99-21.

period would only be tolled from April 15 to December 31, 2006. Because the statute of limitations would have expired three years later, on December 31, 2009, and Mr. Redondo filed his amended tax return on June 28, 2010, his claim would still be untimely.

Mr. Redondo argues that the Court of Federal Claims failed to consider his case before the Financial Industry Regulatory Authority (FINRA). Appellant's Inf. Br. at ¶¶ 2, 4. It is not clear whether Mr. Redondo raised this argument below. But even if he did, the Court of Federal Claims was correct in not considering the FINRA litigation, as it is irrelevant. There is no evidence, and Mr. Redondo does not allege, that he was financially disabled during the FINRA litigation.

While we are sympathetic to Mr. Redondo's claim, section 6511 specifically provides that suspension of the statute of limitations is appropriate only when a taxpayer is financially disabled. Because Mr. Redondo has not established financial disability, the Court of Federal Claims was correct to dismiss his claim for lack of subject matter jurisdiction. We lack any discretion to suspend the statute of limitations for a reason other than financial disability. *See United States v. Brockamp*, 519 U.S. 347, 350-54 (1997) (holding that the time periods in § 6511 cannot be equitably tolled).

## CONCLUSION

For these reasons, we *affirm* the judgment of the Court of Federal Claims dismissing Mr. Redondo's claim for lack of subject matter jurisdiction.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.