NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER SCOTT BARKSDALE,** AND
**on Behalf of All Others Similarly Situated,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5108

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00066-TCW, Judge Thomas C. Wheeler.

---

Decided: November 10, 2014

---

CHRISTOPHER SCOTT BARKSDALE, of Cleveland, Ohio, pro se.

BENJAMIN MARK MOSS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and KIRK T. MANHARDT, Assistant Director.

---

Before PROST, *Chief Judge,* NEWMAN, and LINN, *Circuit Judges.*

PER CURIAM.

Christopher Scott Barksdale ("Barksdale") appeals the decisions of the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of jurisdiction and denying his motion for sanctions. *See Barksdale v. United States*, No. 14-66C, 2014 WL 1910577 (Fed. Cl. May 12, 2014); *Barksdale*, No. 14-66C (Fed. Cl. May 13, 2014). Because the Claims Court correctly determined that it lacked jurisdiction on the merits and because it did not abuse its discretion in the denial of sanctions we affirm the Claims Court's decisions.

## I. BACKGROUND

Barksdale filed a complaint in the Claims Court seeking to overturn the Sixth Circuit's dismissal of his case. In his complaint, Barksdale sought $32,300,000 in damages, as well as injunctive relief compelling the Sixth Circuit and the District Court for the Northern District of Ohio to change its policies, procedures, and training. Barksdale raised tort claims, claims of government criminal activity, constitutional claims, and other claims relating to the state of Ohio's statutory and constitutional provisions. The Claims Court dismissed Barksdale's case for lack of subject matter jurisdiction. It noted that some of Barksdale's claims were based in tort and criminal law, over which the Claims Court has no jurisdiction. It also found that Barksdale's remaining claims were based on constitutional provisions that are not money-mandating or other authorities, over which, again, the Claims Court lacks jurisdiction.

Barksdale also sought sanctions pursuant to 28 U.S.C. § 1927 and Rule 11 of the Claims Court. The

Claims Court denied the motion for sanctions, because Barksdale's allegations related to government actions in separate matters. Barksdale appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

Barksdale argues that the Claims Court erred in dismissing his complaint for lack of jurisdiction, requests that we "[d]eclare 28 U.S.C. § 1915(e) violates Art. 1 sec. 10 clause 1 as Bill of Attainder ex post facto law," and seeks a remand for further "Default Proceedings." Brief for Appellant at Form 12, No. 6. The government responds that the Claims Court properly dismissed Barksdale's complaint for lack of jurisdiction.

"The Court of Federal Claims' decision to grant the Government's motion to dismiss for lack of jurisdiction is a matter of law, which this court reviews *de novo*." *Keener v. United States*, 551 F.3d 1358, 1361 (Fed. Cir. 2009). Jurisdiction in the Claims Court "requires a money mandating act to confirm jurisdiction." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (citing 28 U.S.C. § 1491). In the section of his appeal brief titled "Basis of US Court of Federal Claims Jurisdiction," Barksdale mentions the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution, the Full Faith and Credit clause, state law, and fraud. Appellant Brief at 3–10. Barksdale's brief does nothing to refute the Claims Court's well-reasoned decision that none of Barksdale's sources of law are money-mandating. As noted by the Claims Court, Barksdale's Fifth Amendment claims are based on the Due Process Clause, which is not money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding the Fifth Amendment's Due Process Clause is not "a sufficient basis for jurisdiction"). Barksdale's repackaged First and Fourteenth Amendment claims—claiming the government has acted "impermissibl[y] . . . by *taking* African American pro se litigants[']

first and fourteenth amendment rights," Appellant Brief at 11 (emphasis in original)—fair no better. Despite the use of the word "taking," which could be money-mandating under the Fifth Amendment, these are claims under the First and Fourteenth Amendment, which the Claims Court properly ruled was outside its jurisdiction. *See LeBlanc*, 50 F.3d at 1028 (stating that that the First Amendment, the Fifth and Fourteenth Amendment's Due Process Clause, and the Fourteenth Amendment's Equal Protection Clauses are not "a sufficient basis for jurisdiction").

Because Barksdale "has the burden of establishing . . . jurisdiction," *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936)), and failed to do so, we affirm the Claims Court's dismissal for lack of jurisdiction. As it was "without jurisdiction," the Claims Court could not "proceed at all in any cause," including addressing the constitutionality of 28 U.S.C. § 1915(e). *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Barksdale also requests sanctions, asserting that U.S. Attorneys committed fraud, perjury and prosecutorial misconduct by "with[holding] evidence" and by the "U.S. Department of Justice['s] failure of duty." Brief for Appellant at Form 12, No. 6.; Brief for Appellant at 21. The government responds that the Claims Court properly denied sanctions because Barksdale failed to show any sanctionable conduct. Appellate courts "apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see Judin v. United States*, 110 F.3d 780, 784 (1997) (applying *Cooter* to Rule 11 of the Claims Court). The Claims Court denied Barksdale's motion for sanctions because these parties were not involved Barksdale's matters. Barksdale's brief again does nothing to refute the Claims Court's decision. Thus,

the Claims Court did not abuse its discretion in denying Barksdale's motion for sanctions.

### III. CONCLUSION

For these reasons, the Claims Court's decision that it lacked jurisdiction over Barksdale's complaint and its denial of Barksdale's request for sanctions are affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.